## NATIONAL BISCUIT CO. v. PENNSYLVANIA BAKING CO.

(Court of Appeals of District of Columbia. Submitted November 13, 1922. Decided January 2, 1923.)

### No. 1504.

Trade-marks and trade-names and unfair competition ☞43—"Hava" and "Uneeda" are not similar.

In a trade-mark for crackers or biscuits, the term "Hava" is so distinct in appearance and sound from the term "Uneeda" as not to cause any confusion in the minds of intending purchasers, so that the registration of the former does not infringe the latter, though the request to "Hava biscuit" and the statement "Uneeda biscuit" have substantially the same significance.

Appeal from the Commissioner of Patents.

Application by the Pennsylvania Baking Company for registration of a trade-mark, opposed by the National Biscuit Company. From a decision of the Patent Office, against the opposer, it appeals. Affirmed.

William L. Symons, of Washington, D. C., for appellant.

Joseph W. Milburn, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. The Pennsylvania Company sought to have registered the word "Hava" as a trade-mark for crackers or biscuits. Notice of opposition was duly given by the National Biscuit Company, on the ground that it was the owner of the registered trade-mark "Uneeda," had adopted and applied it to the same class of goods long before the Pennsylvania Company adopted its mark, and that the two marks were deceptively similar. Both tribunals of the Patent Office ruled against the opposer, and it appeals.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The opposer concedes that "the marks are somewhat different in appearance and in sound when pronounced," but says that they have many features of similarity. To prove the similarity it analyzes the two words, and says that each ends in the same vowel, that the "letters preceding the final letter in both marks make a word," and that the request to "Hava biscuit" and the statement "Uneeda biscuit" have substantially the same significance.

While these things are proper to be considered, they are by no means determinative of the question. In each case of this kind the matter to be solved is whether the marks, if used, would be likely to induce a person seeking the goods of the one producer to accept those of the other. The words do not look or sound alike, neither do they signify the same thing. Nor do we think that a messenger, having any power of discrimination, who was told to purchase "Uneeda" biscuits would be likely to purchase "Hava" biscuits, believing, because of the mark, that he was getting the former. Many cases are cited by the opposer, in which it was decided that the marks involved in them would lead to confusion if registered. But they do not help us, because the words were not the same as those with which we are dealing. No general rule of decision can be drawn from them. Each proceeded, as this case must proceed, on its own facts.

We are satisfied that the decision of the Commissioner is right, and it is therefore affirmed.

Affirmed.